IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD JONES,
Petitioner,

v.

Case No. 18–CV–01393–JPG

ERIC WILLIAMS,
Respondent.

**MEMORANDUM & ORDER**

This is a post-conviction proceeding. Before the Court is Petitioner Gerald Jones's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1). Respondent Eric Williams responded, (ECF No. 9); and Jones replied, (ECF No. 15). Jones also filed a supplement, (ECF No. 18); to which Williams responded, (ECF No. 19); and Jones replied, (ECF No. 20). For the reasons below, the Court **DISMISSES** Jones's Petition **WITH PREJUDICE** and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

I. **PROCEDURAL & FACTUAL HISTORY**

In 2014, Jones pleaded guilty in the Western District of Missouri to conspiracy to distribute at least one kilogram of phencyclidine in violation of 21 U.S.C. § 841(b)(1)(A). (*See* Judgment, *United States v. Jones*, No. 12-00341 (W.D. Mo. May 12, 2014), available at ECF No. 9-4, at 1). A conviction under § 841(b)(1)(A) usually carries a sentence of ten years to life imprisonment. But as stated in his plea agreement, Jones understood that an enhanced sentence—a 20-year mandatory minimum—would apply under 21 U.S.C. § 851 because of a prior conviction he had in Missouri state court for "trafficking drugs in the second degree." (*See* Plea Agreement, *United States v. Jones*, No. 12-00341 (W.D. Mo. May 12, 2014), available at ECF No. 9-3, at 3–4). He also agreed to waive his right to collaterally attack his sentence "on any ground except claims of

(1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." (*Id.* at 10). According to his plea agreement, "[a]n 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (*Id.*) (emphasis in original).

Two years later, the Supreme Court came down with *Mathis v. United States*: "Because the elements of Iowa's burglary law are broader than those of generic burglary," a conviction under that section could not "give rise to an [enhanced] sentence" under the Armed Career Criminal Act. 136 S. Ct. 2243, 2257 (2016).

Now, relying on *Mathis*, Jones contends that his Missouri state conviction for second-degree drug trafficking should not have qualified as a predicate offense under 21 U.S.C. § 851. (*See* Jones's Petition at 14). More specifically, he says that Missouri Revised Statute § 195.223(2) is broader than the generic federal equivalent, 21 U.S.C. § 841(a). (*Id.* at 15–18). So in his Petition for Writ of Habeas Corpus Under § 2241, Jones asks the Court to vacate his sentence and remand "back to the Western District of Missouri for a full resentencing, without use of the 21 U.S.C. § 851." (*Id.* at 8).

## II.  LAW & ANALYSIS

Respondent argues that Johnson waived his right to collaterally attack his sentence by pleading guilty. The Court agrees.

"A defendant may validly waive . . . his right to collateral review . . . in his plea agreement," *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011), and there are "only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of . . . collateral review," *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020). "For instance: if a

district court relied on a constitutionally impermissible factor like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a minimum of civilized procedure." *Id.* (cleaned up). This position signals a rejection of the argument that an express waiver "is invalid because the defendant did not anticipate subsequent legal developments." *See United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). Rather, the Seventh Circuit has recognized that ignoring collateral-attack "waivers in plea agreements could yield perverse consequences. If a defendant can make a seemingly beneficial plea agreement and can then renege on his deal . . . , then why would the government make these kinds of these deals in the future?" *See Oliver*, 951 F.3d at 867 (cleaned up).

Here, Jones waived his right to collaterally attack his sentence "on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence." (*See* Plea Agreement at 10). According to his plea agreement, "[a]n 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (*Id.*) (emphasis in original).

Jones presents two arguments for why his plea agreement does not bar this action, but both are unpersuasive. First, he says that the Government waived its right to raise this argument because it **also** argued, in the alternative, that Jones's Petition should be denied on the merits. (Jones's Reply at 7). He backs this proposition by citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). There, the Government argued that the defendant "waived any objection to the district court's ruling by burying it in a single unreasoned paragraph of his brief on appeal." *Id.* The Seventh Circuit was inclined to agree given that "[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* Except the Government had a chance to raise this claim of waiver earlier in

the case—in its brief in opposition to the defendant's petition for certiorari. *Id.* Because it failed to do so, the Government's claim of waiver was itself waived. *Id.* But the opposite is true here: The Government's claim of waiver comes at the earliest opportunity. In other words, nothing in *Dunkel* suggests that the Government waived its claim of waiver simply because it **also** addressed the merits of Jones's Petition.

Second, "Jones asserts that the 'does not include . . . errors such as' language [in his plea agreement] is woefully ambiguous, or at the bare minimum, vague because it does not put Jones on notice that he waived his constitutional right for his sentence to be statutorily enhanced based upon accurate information, in compliance with the Supreme Court decision in" *United States v. Tucker*, 404 U.S. 443, 447–48 (1972), and its progeny. (Jones's Reply at 8–9). In *Tucker*, the district court at sentencing "gave specific consideration to the respondent's previous convictions before imposing [the maximum] sentence upon him"; but it later became "clear that two of those convictions were wholly unconstitutional under *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Tucker*, 404 U.S. at 447. In vacating the sentence, the Supreme Court recognized that "if the trial judge . . . had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." *Id.* at 448. *Tucker*, however, did not involve a collateral-attack waiver. Jones, on the other hand, explicitly waived his right to collaterally attack his sentence except for three narrow reasons, none of which apply here. Though he argues that the definition of "illegal sentence" in his plea agreement is vague, it actually aligns with one of the rare grounds recognized by the Seventh Circuit for disregarding a collateral-attack waiver: "[A] defendant may always contest a sentence that exceeds the statutory maximum for the crime committed." *See United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016). Yet Jones is not

arguing that the sentencing judge simply disregarded the permissible sentencing range and imposed a sentence exceeding the statutory maximum. Rather, his plea agreement broadly waived the right to collateral attack his sentence "on any ground . . . includ[ing] less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (*See* Plea Agreement at 10). This is the bargain Jones struck with the Government when he pleaded guilty, and the Court will enforce it. The Court therefore **DISMISSES** Jones's Petition **WITH PREJUDICE** and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

Finally, the Court notes that Jones does not need a certificate of appealability to appeal this decision because the "requirement does not apply to appeals in § 2241 cases." *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). In other words, he has 60 days from the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B)(iii). If Jones appeals and would like to proceed in forma pauperis, then he must file another motion here that identifies the issues he plans to present to the Seventh Circuit. Fed. R. App. P. 24(a)(1)(C).

### III.   CONCLUSION

The Court **DISMISSES** Petitioner Gerald Jones's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

**IT IS SO ORDERED.**

**Dated: Friday, May 28, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
